IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FIRST PROFESSIONALS INSURANCE COMPANY, INC.,**

    Plaintiff,

v.

**OSCAR F. FLORENDO, M.D., OSBEC MEDICAL OF SOUTHERN ILLINOIS LLC, WAL-MART STORES, INC., and KARA MANLEY,**

    Defendants.                                         Case No. 11-cv-197-DRH

## ORDER

**HERNDON, Chief Judge:**

This is a declaratory judgment action in which plaintiff First Professionals Insurance Company, Inc. ("First Professionals") seeks a declaration that it has no duty to provide coverage or defend defendants Oscar F. Florendo, M.D. ("Dr. Florendo") or Osbec Medical of Southern Illinois LLC ("Osbec Medical") in a lawsuit filed against defendants Dr. Florendo, Osbec Medical, and Wal-Mart Stores, Inc. ("Wal-Mart") in state court (the "underlying litigation") by defendant Kara S. Manley ("Manley"), as administrator of the Estate of Gary W. Manley, who allegedly died from an overdose of medication following treatment from a slip and fall at Wal-Mart. Wal-Mart has filed a motion to dismiss (Doc.6) this case under Federal Rule of Civil Procedure 12(b)(7), contending that First Professionals' complaint should be dismissed for failure to add all necessary parties to the

action under Federal Rule of Civil Procedure 19. Specifically, Wal-Mart argues that other insurers who may have provided insurance to Dr. Florendo are necessary parties to this declaratory judgment action. The Court disagrees and denies Wal-Mart's motion to dismiss (Doc. 6).

## I. Background

On January 6, 2010, Manley filed suit against Wal-Mart, Dr. Florendo, and Osbec Medical, alleging, as is relevant to this case, a wrongful death/negligence claim against Dr. Florendo and Osbec Medical on behalf of the Estate of Gary W. Manley. Specifically, Manley alleged that on June 8, 2010, Dr. Florendo and Osbec Medical negligently prescribed a fentanyl transdermal patch to Manley's decedent, Gary S. Manley, when he presented himself to Dr. Florendo and Osbec Medical with complaints of severe back pain that resulted in his death on June 11, 2008. Dr. Florendo and Osbec Medical sought insurance coverage from First Professionals.

First Professionals denied coverage, and on March 14, 2011, First Professionals filed a declaratory judgment action pursuant to 28 U.S.C. § 2201 against Dr. Florendo, Osbec Medical, Wal-Mart, and Manley based upon diversity jurisdiction. In the complaint, the facts of which we accept as true,[1] First Professionals alleged that on or about November 2, 2009, Dr. Florendo applied for insurance coverage with First Professionals, wherein he indicated in his

---

[1] *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n.2 (7th Cir. 2001).

application that he had no knowledge of any circumstances that might give rise to a claim.  Based upon his application, First Professionals issued Dr. Florendo a professional liability insurance policy that became effective on December 1, 2009, but with an endorsement effective date of January 17, 2001.  First Professionals alleges, however, that Dr. Florendo failed to disclose the circumstances surrounding the death of Manley's decedent, which he was aware of, and that any claim arising from those circumstances would not have been covered by the insurance policy had they been disclosed and that pursuant to the conditions set forth in the insurance policy, First Professionals does not have an obligation to defend or indemnify Dr. Florendo or Osbec Medical in the underlying litigation.

On April 21, 2011, Wal-Mart filed a motion to dismiss First Professionals' complaint for declaratory judgment, alleging that First Professionals failed to name all necessary parties.  Specifically, Wal-Mart alleged that upon information and belief, at the time of the death of the decedent in the underlying matter, Dr. Florendo and Osbec Medical were insured under one or more policies of liability insurance other than the policy issued by First Professionals.  Wal-Mart then referenced Dr. Florendo's application for insurance with First Professionals which indicated that Dr. Florendo may have had coverage from Professional Liability Insurance Company of America ("PLICA") and ISMIE Mutual Insurance Company ("ISMIE") at or near the time of the decedent's death in the underlying litigation and the filing of the underlying complaint.  Wal-Mart contends that "[a]ny insurance company that issued a policy of liability insurance to Dr. Florendo

and/or [Osbec Medical] which may provide coverage for the claims in the underlying lawsuit, including [PLICA] and [ISMIE], is a necessary party to this action as their interests will be materially affected by the declarations sought by plaintiff in this case since they may be required to provide coverage to Dr. Florendo and/or [Osbec Medical] for the claims set forth in the underlying complaint if plaintiff's policy is found not to provide such coverage."  Accordingly, Wal-Mart contends that First Professionals' complaint should be dismissed for failure to add all necessary parties to this action.

First Professionals counters that "[e]ven if ISMIE or PLICA could be affected by the outcome of this case, that does not make them necessary parties."  First Professionals contends that it is not seeking any declaration against PLICA or ISMIE and both of those insurers insured Dr. Florendo prior to the effective date that First Professional issued its policy.  As a result, First Professional contends that the Court can accord complete relief between the existing parties in regard to the its policy and therefore ISMIE and PLICA are therefore not necessary or required parties.

## II.  Analysis

"In diversity cases, we apply the substantive law of the state in which the district court sits." *Van Diest Supply Co. v. Shelby Cnty. State Bank*, 425 F.3d 437, 439 (7th Cir. 2005) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). "Thus, in a diversity case, while the nature of the interest sought to be enforced is determined by state substantive law, [*Tompkins*, 304 U.S. at 78], the issues of

joinder and whether or not the court should proceed in the absence of an interested party are matters of federal law." *Krueger v. Am. States Ins. Co.*, 996 F.2d 928, 931 (7th Cir. 1993) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 n.22 (1968)).

"The purpose of Rule 19 is to 'permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources.'" *Askew v. Sheriff of Cook Cnty.*, 568 F.3d 632, 634 (7th Cir. 2009) (quoting *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990)). "Dismissal, however, is not the preferred outcome under the Rules." *Askew*, 568 F.3d at 634. "Courts are 'reluctant to dismiss for failure to join where doing so deprives the plaintiff of his choice of federal forum.'" *Id.* (quoting *Davis Cos.*, 268 F.3d at 481).

Under Rule 19, there is "a fundamental distinction between two kinds of missing parties: those whose joinder is feasible and those whose joinder is not feasible, because it would defeat subject-matter jurisdiction, or the party is beyond the personal jurisdiction of the court, or the party has and makes a valid objection to venue." *Askew*, 568 F.3d at 634-35. "Rule 19(a) address 'persons required to be joined if feasible,' and Rule 19(b) describes what the court must do if joinder is not feasible." *Id.* at 635. The first step is to identify which parties, if any, fall within the scope of Rule 19 and are therefore a "required party." *Askew*, 568 F.3d at 634. Rule 19(a)(1) defines a "required party" as follows:

"(1) Required Party. A person who is subject to service of process

> and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." FED. R. CIV. P. 19(a)(1).

As part of the Rule 19(a)(1) inquiry, the Court must consider whether the absentee is a person who is subject to service of process and whose joinder will not deprive the Court of subject-matter jurisdiction. *Askew*, 568 F.3d at 635.

Here, Wal-Mart contends that PLICA and ISMIE are both necessary parties to this action as their interest will be materially affected by the declarations sought by First Professionals since they may be required to provide coverage to Dr. Florendo and/or Osbec Medical for the claims set forth in the underlying complaint if First Professionals' policy is found not to provide such coverage. Wal-Mart, however, fails to address whether PLICA or ISMIE are subject to service of process or whether joinder of PLICA or ISMIE would deprive the Court of subject-matter jurisdiction. In fact, Wal-Mart fails to allege altogether either PLICA or ISMIE's citizenship. Without knowing whether the parties are subject to service of process nor their citizenship and therefore whether complete diversity would be destroyed, the Court cannot determine whether PLICA or ISMIE are required parties. See *Krueger*, 996 F.2d at 932 ("When the joinder of an absent

party would destroy diversity jurisdiction, Rule 19(a) is inapplicable."); see also *West Peninsular Title Co. v. Palm Beach Cnty.*, 41 F.3d 1490, 1492 (11th Cir. 1995) ("The County, as movant, had the burden 'to show the nature of the unprotected interests of the absent parties . . . .'") (quoting 5A Wright & Miller, *Federal Practice and Procedure* § 1359); *Ilan-Gat Eng'rs., Ltd. v. Anitgua Int'l Bank*, 659 F.2d 234, 242 (D.C. Cir. 1981) ("[T]he burden was on the defendants, as the moving party, to show that continuation of the action in AIB's absence would prejudice them."); 1-11 Moore's *Manual–Federal Practice and Procedure* § 11.25; *Marschke v. Barry-Wehmiller*, No. 09-cv-398-bbc, 2009 U.S. Dist. LEXIS 97166, at *13 (W.D. Wis. Oct. 16, 2009) ("The moving party has the burden of showing that an absent party should be joined under Rule 19."); *Hous. Auth. Risk Retention Group, Inc. v. Chi. Hous. Auth.*, No. 02 C 4474, 2003 U.S. Dist. LEXIS 17674, at *4 (N.D. Ill. Oct. 6, 2003). Nonetheless, even if the Court had that information and joinder of PLICA or ISMIE would not destroy the Court's jurisdiction, the Court would not find PLICA or ISMIE to be required parties under Rule 19(a).

First, the Court can accord complete relief among the existing parties. See FED. R. CIV. P. 19(a)(1)(A). "[T]he term 'complete relief' refers only to 'relief between the persons already parties, and not as between a party and the absent person whose joinder is sought.'" *Davis Cos.*, 268 F.3d at 484 (quoting *Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir. 1992)). Here, the insurance contract at issue is between First Professionals and Dr. Forendo, and PLICA and ISMIE are

not parties to that contact. Rather, Dr. Florendo simply listed PLICA and ISMIE as his past insurers on his application for insurance with First Professionals. Thus, the Court can accord the existing parties completed relief by determining whether First Professionals owes a duty to defend and/or indemnify Dr. Florendo and Osbec Medical. Determining whether Dr. Florendo and/or Osbec Medical also has coverage with PLICA and/or ISMIE in a separate action does not prohibit the Court from according complete relief from the existing parties.

Second, neither PLICA or ISMIE claim an interest relating to the declaratory judgment action between First Professionals and Dr. Florendo and Osbec Medical. If Dr. Florendo and/or Osbec Medical attempt to obtain coverage under a policy issued by PLICA or ISMIE, which neither party apparently has, both PLICA and/or ISMIE would be able to pursue their own suit to determine whether coverage existed with either PLICA or ISMIE. In fact, Wal-Mart has failed to even allege that PLICA or ISMIE provided coverage to Dr. Florendo and/or Osbec Medical during the time period at issue in the underlying litigation, asserting instead that PLICA or ISMIE may have provided coverage. This is not enough to establish an interest in this declaratory judgment action.

Moreover, neither PLICA or ISMIE are so situated that disposing of the action in their absence may impair or impede their ability to protect their interest. As mentioned above, if PLICA or ISMIE provided coverage to Dr. Florendo and/or Osbec Medical for the matters at issue in the underlying litigation, which is unknown at this point, they would still be able to protect their interest. This

lawsuit has to do with whether First Professionals has a duty to provide coverage to Dr. Florendo and/or Osbec medical, and does not impede the ability of PLICA or ISMIE to protect any interest they may or may not have.  See *Davis Cos.*, 268 F.3d at 484 ("'[W]hen a person is not a party to the contract in litigation and has no rights or obligations under that contract, even though the absent party may be obligated to abide by the result of the pending action by another contract that is not at issue, the absentee will not be regarded as an indispensable party in a suit to determine obligations under the disputed contract . . . .'") (quoting 7 Charles Wright, Arthur Miller and Mary Kay Kane, *Federal Practice and Procedure Civil 3d*, § 1613 at 197 (2001)).

     Furthermore, neither PLICA or ISMIE's absence leaves an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of their interest.  See FED. R. CIV. P. 19(a)(1)(B).  To the contrary, if in fact, PLICA or ISMIE do owe coverage to Dr. Florendo and/or Osbec Medical, and it is found that First Professionals provides coverage as well, First Professionals would be able to seek contribution afterward from either PLICA or ISMIE if necessary.  See *Rhone-Poulenc Inc. v. Int'l Ins. Co.*, 71 F.3d 1299, 1301 (7th Cir. 1995) ("In a case of multiple, overlapping coverage the insurers who are not sued will not be bound by determinations made in a suit to which they are not parties, and the insurers who are sued can if they lose seek contribution afterward from the others, [citation omitted], though this may depend, as we shall see, on the precise wording of each insurance contract.").

### III.  Conclusion

Because the threshold requirements of Rule 19(a) have not been satisfied, no inquiry under Rule 19(b) is necessary.  *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990).  For the reasons stated above, Wal-Mart's motion to dismiss (Doc. 6) is denied.

**IT IS SO ORDERED.**

Signed this 3rd day of November, 2011.

Digitally signed by
David R. Herndon
Date: 2011.11.03
16:36:27 -05'00'

**Chief Judge**
**United States District Court**