IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FIRST PROFESSIONALS**
**INSURANCE COMPANY,**

**Plaintiff,**

**v.**

**OSCAR F. FLORENDO, M.D.;**
**OSBEC MEDICAL OF SOUTHERN**
**ILLINOIS, LLC; WAL-MART STORES, INC.;**
**and KARA MANLEY, Adm. of the Estate of**
**Gary W. Manley, deceased,**

**Defendants.**                                   No. 11-cv-00197-DRH

ORDER

**HERNDON, Chief Judge:**

Pending before this Court is defendants' motion in limine (Doc. 38). As to Defendants' motion in limine to bar First Professionals Insurance Company ("FPIC") from introducing any evidence from any communications between Dr. Florendo and James Lacey, and between OSBEC and James Lacey, the Court **DENIES** the motion. See Doc. 52, Memo and Order denying motion to bar testimony of James Lacey.

As to defendants' motion to preclude any and all photographs of Gary Manley, plaintiffs have no objections and the Court **GRANTS** the motion. The Court **DENIES** defendants' motion regarding any evidence of past claims or lawsuits filed against Dr. Florendo and/or OSBEC. The Court finds that this

information is relevant to Dr. Florendo's state of mind as to whether he should have disclosed the circumstances surrounding Gary Manley's death to FPIC.

Additionally, the Court **DENIES** defendants' motion that Kara Manley be precluded from providing any evidence, argument, testimony or inference regarding her familiarity with her husband's pain medication and her conversation with Dr. Florendo concerning its safety.  The Court finds this information is also relevant to Dr. Florendo's state of mind as to whether he should have disclosed the circumstances surrounding Gary Manley's death to FPIC.

The Court **GRANTS** defendants' motion to exclude any evidence, arguments, testimony, or inference that Dr. Florendo was "let go" from his position at Highland Associates.  The Court **DENIES** defendants' motion to bar the introduction of any evidence, argument, testimony, or reference to the PLICA application for insurance where Dr. Florendo answered affirmatively that he had knowledge of potential claims against him.  The Court finds this is also relevant to Dr. Florendo's state of mind as to whether he should have disclosed the circumstances surrounding Gary Manley's death to FPIC.

As to defendants' motion to bar any evidence, arguments, testimony, or inference that Dr. Florendo and/or OSBEC is not entitled to coverage under the FPIC policy of insurance if Dr. Florendo **should have known** of a potential claim when completing the FPIC policy application, the Court **DENIES** the motion.  The Court finds FPIC should be allowed to elicit testimony as to Dr. Florendo's state of

mind and make reasonable inferences from that evidence as to whether Dr. Florendo failed to comply with the policy requirements.

Finally, as to defendants' motion to bar the introduction of any evidence, arguments, testimony, reference, or suggestion that FPIC or the underwriters at AVRECO were reluctant to insure Dr. Florendo based on his past claims history, the Court **DENIES** the motion. The Court finds this evidence is relevant to show the difference that would have resulted had FPIC known about Gary Manley's death and its potential as a claim, and the prejudice to FPIC by not knowing.

**IT IS SO ORDERED.**

Signed this 1st day of February, 2013.

Digitally signed by
David R. Herndon
Date: 2013.02.01
11:31:01 -06'00'

**Chief Judge**
**United States District Court**