IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FIRST PROFESSIONALS
INSURANCE COMPANY,**

**Plaintiff,**

**v.**

**OSCAR F. FLORENDO, M.D.;
OSBEC MEDICAL OF SOUTHERN
ILLINOIS, LLC; WAL-MART STORES, INC.;
and KARA MANLEY, Adm. of the Estate of
Gary W. Manley, deceased,**

**Defendants.**                                      **No. 11-cv-00197-DRH**

<u>**ORDER**</u>

**HERNDON, Chief Judge:**

Pending before this Court is plaintiff First Professionals Insurance Company ("FPIC")'s first motion in limine (Doc. 35). As to plaintiff's motion to bar any mention of settlement offers, the Court **GRANTS** FPIC's motion. The Court finds this information is not relevant. Likewise, FPIC's motion to bar mention of the cost of insurance premiums paid by the defendants is **GRANTED.** The Court finds this information is similarly not relevant.

As to FPIC's motion to preclude defendants from mentioning the limits of the policy at issue, the Court **GRANTS** this motion. The Court finds the information is irrelevant. FPIC's motion to bar any mention of reimbursement for any loss or payment through re-insurance is also **GRANTED**, as the Court finds

this information to be not relevant.  As to FPIC's motion to bar any evidence, testimony or reference to the parties' financial situation or the economic disparity of the parties, the Court **GRANTS** this motion.  The Court finds this information to be irrelevant.

As to FPIC's motion to bar any argument that the insurance application was not attached to the policy in question and thus, FPIC could not deny coverage based on a statement or omission in the application, the Court **GRANTS** this motion.  The Court finds pursuant to 215 ILCS 5/154, there is no requirement that the application be attached to the policy.

FPIC's motion to bar any evidence, testimony and/or reference to any prior allegations or prior claims made against FPIC or its employees regarding improper claims practice, bad faith or improper denials of coverage is **GRANTED**.  The Court similarly finds this information is not relevant.

As to FPIC's motion to bar any evidence, argument, testimony or inference about Susan McCray's opinions due to her untimely disclosure by defendants, the Court **GRANTS** this motion.  See Doc. 57, Order granting motion to bar Susan McCray's testimony.

Finally, as to FPIC's motion to exclude all witnesses from the trial, with the exception of the parties, and to further prohibit any non-party witness from discussing trial testimony with another non-party witness, the Court **GRANTS** this motion.  Pursuant to Rule 615, Fed R. Civ. P., "[a]t a party's request, the

court must order witnesses excluded so that they cannot hear other witnesses'
testimony."

   **IT IS SO ORDERED.**

   Signed this 20th day of February, 2013.

Digitally signed by
David R. Herndon
Date: 2013.02.20
11:50:40 -06'00'

**Chief Judge**
**United States District Court**